## KERLING *v.* COTZHAUSEN and others.

*(Circuit Court, N. D. Illinois.* June 14, 1883.)

REMOVAL OF CAUSE—SEPARABLE CONTROVERSY—CITIZENSHIP.

Where an action of trespass is brought in a state court against several defendants, and one of them is a citizen of a different state from that of the plaintiff and the others are not, the citizen of a different state can remove the case to the United States court, on the ground that the controversy is solely between him and the plaintiff, and can be fully determined as between them.

At Law.

*Barker & Green,* for plaintiff.

*Stiles & Lewis,* for defendants.

DRUMMOND, J. This is an action of *trespass de bonis asportatis,* brought by the plaintiff, a citizen of Illinois, against two defendants, citizens of Wisconsin, and two citizens of Illinois. Cotzhausen, a citizen, of Wisconsin, one of the defendants, made an application for the removal of the cause to this court on the ground that there was a separable controversy which could be fully determined as between him and the plaintiff, and in which he was interested. A motion is now made by the plaintiff to remand the cause, for the reason that it was not a removable case. It is claimed in the petition for removal that the defendants, who are citizens of Illinois, are only nominal parties; that the real party in interest, and between whom and the plaintiff the controversy exists, is the citizen of Wisconsin.

The pleas of the defendants are separate, and it is claimed that in each plea there is an issue made between the defendant filing the plea and the plaintiff which is solely between them, and can be fully determined by the court; that it was not necessary, if the trespass was joint, that the plaintiff should sue all the defendants; that he had the right to sue each one separately; and therefore, while others are joined, they are not necessary parties to the suit of the plaintiff against Cotzhausen, as in the case of a contract of partnership or an agreement. This, therefore, is an action of trespass against defendants who may all be severally liable for damages which may have been sustained by the plaintiff, or none or some of whom may be held liable and others not. The question distinctly made in this case has not yet been decided by the supreme court of the United States, and I am not aware it has been decided by any circuit court. It is whether, in an action of trespass brought against

v.16,no.7—45

several defendants, and one of them is a citizen of a different state from that of the plaintiff and the others are not, the citizen of a different state can remove the case on the ground that the controversy is solely between him and the plaintiff, and can be fully determined as between them.

It is not necessary to decide what would be the effect of a joint plea by all the defendants in such a case. In this there is a several plea by the defendant, a citizen of Wisconsin, and under the declaration of the plaintiff and the plea of the citizen of Wisconsin the issue is solely between them, and therefore constitutes a controversy which can be fully determined as between them.

In all of the cases which have been decided where one or more of the defendants were citizens of the same state as the plaintiff, and one or more were not, and it has been held that the cause could not be removed, it was for the reason that all of the defendants were indispensable parties, as where the controversy grew out of a contract. This is a tort where each person is severally liable, and I think the court can take jurisdiction of the case; and, although the controversy is several, still there is such a union in the case that the whole cause must necessarily be removed, and therefore the motion to remand will be overruled.

HARLAN and BLODGETT, JJ., concurring.

See *State* v. *Lewis*, 12 FED. REP. 1, and note, 7; *Deford* v. *Mehaffy*, 14 FED. REP. 181, and note, 182.